Exhibits "A-E"

State Court File

# Harris County Docket Sheet

**2019-70606**
**COURT:** 151st
**FILED DATE:** 9/27/2019
**CASE TYPE:** Insurance



### ALL CAR COLLISION
Attorney: SCOTT, LEROY B

### vs.

### AMGUARD INSURANCE COMPANY

| Docket Sheet Entries ||
|---|---|
| Date | Comment |

Case 4:19-cv-04210   Document 1-4   Filed on 10/25/19 in TXSD   Page 3 of 17

9/27/2019 10:26:58 AM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 37184582
By: CUERO, NELSON
Filed: 9/27/2019 10:26:58 AM

September 27, 2019

Harris County District Clerk

### Re: *All Car Collision v AmGUARD Insurance Company and Unknown John Doe*

## REQUEST FOR CITATION

To Whom It May Concern:

Please issue citation electronically for the following defendant(s):

- AMGUARD INSURANCE COMPANY by serving its registered agent for service of process, C T Corporation System, in Dallas County, Texas, at 1999 Bryan Street, Suite 900, Dallas TX 75201-3136.

You may contact me by email (lscott@scottesq.com), telephone (713) 588-4416, or fax (713) 583-1158 to discuss this matter.

Very truly yours,

Leroy Scott
Attorney at Law
lscott@scottesq.com

scott Law, PLLC
5100 Westheimer Road, Suite 200,
Houston, Texas 77056

Mailing Address:
PO Box 420453
Houston, TX 77242-0453

Tel (713) 588-4416
Fax (713) 583-1158
LSCOTT@scottesq.com
www.scottesq.com

9/27/2019 10:26 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37184582
By: Nelson Cuero
Filed: 9/27/2019 10:26 AM

Cause No. _____

| | | |
|---|---|---|
| **ALL CAR COLLISION**, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| | § | OF HARRIS COUNTY, TEXAS |
| **AMGUARD INSURANCE** | § | |
| **COMPANY**, | § | |
| Defendant. | § | _____JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND REQUEST FOR DOCUMENTS

Plaintiff, **ALL CAR COLLISION**, by and through the undersigned attorney, files this his Original Petition, Request for Disclosure, and Request for Documents against Defendant, **AMGUARD INSURANCE COMPANY,** and alleges as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000 or non-monetary relief.

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $100,000 but not more than $200,000. Tex. R. Civ. P. 47(c)(3).

### PARTIES

3. Plaintiff, ALL CAR COLLISION (hereinafter "Plaintiff" or "All Car") is an individual sole proprietor doing business in Harris County, Texas.

4. Defendant, AMGUARD INSURANCE COMPANY (hereinafter "Defendant" or "AmGuard"), a foreign corporation organized and existing under the laws of Pennsylvania, whose principal office is located at 16 South River Street Wilkes-Barre PA 18702-2406, is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, C T Corporation System, in Dallas County, Texas, at 1999 Bryan

Street, Suite 900, Dallas TX 75201 -3136. Tex. Bus. Orgs. Code §5.201.

## JURISDICTION

5. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## VENUE

6. Venue is proper in this county under Texas Civil Practice & Remedies Code section 15.002 because all or a substantial part of the events or omissions giving rise to the claim occurred in this County.

## FACTS

7. On or about March 28, 2019, a vehicle accidentally struck the building in which Plaintiff conducts business, causing damage thereto. At all relevant times, the building and surrounding property were insured by Defendant under the policy numbered ALBP972626. The vehicle caused substantial damage to a sign, the building foundation, and other areas of the property. As required by the policy, Plaintiff promptly notified Defendant of the incident and filed a claim. The claim established by the Defendant was assigned the number ALBP014344. AmGuard has paid the policy limit of $5,000 for damage to the sign, but has refused to pay for any other damage to the property. On information and belief, additional damages are covered by the policy, but despite numerous requests, Defendant and has refused to pay for those damages or even to provide a copy of the policy to Plaintiff.

## COUNT 1

### Breach of Contract

8. Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs.
9. AmGuard, has breached the insurance contract by failing to make all the payments mandated by the policy.

## COUNT 2

**Violation of the Texas Insurance Code – Unfair Settlement Practices: Failure to Make Payment After Liability Has Become Reasonably Clear**

10. Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs.

11. Pursuant to Section 541.060(2)(A) of the Texas Insurance Code, failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear is a direct violation.

12. After the incident at issue, All Car timely filed a claim and provided AmGuard with all the necessary proofs of loss. Nonetheless, AmGuard decided it would only pay for the sign and refused to pay for any other damages covered by the policy even though liability for such damages had become reasonably clear.

## DAMAGES

13. *Economic Damages*.

    a. Foundation/concrete: $12,000.

14. ***Statutory Damages.*** Because Defendant's actions were knowing or intentional, Plaintiff seeks treble damages as authorized by Texas Business and Commerce Code Section 17.50(b)(1), including for claims arising out of a violation of Texas Insurance Code Sec. 541.060. In addition, Plaintiff seeks all damages authorized by Texas Insurance Code Sec. 542.060.

15. **Attorney Fees.** Plaintiff has incurred, and will continue to incur, legal fees in the prosecution of this matter. Plaintiff seeks reasonable and necessary attorney fees as authorized by Texas Business and Commerce Code Section 17.50(d) and the Texas Insurance Code Section 542.060.

## CONDITIONS PRECEDENT

16. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## REQUEST FOR DISCLOSURE

17. Under Texas Rule of Civil Procedure 194, Defendant is requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## REQUEST FOR DOCUMENTS

18. Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Defendant is requested to produce, within 50 days of the service of this request, the following documents.

**REQUEST 1:** Produce all documents related to Claim No. ALBP014344, including all video recordings, audio recordings, photographs, witness statements, statements by Plaintiff, reports, estimates, and file notes.

**REQUEST 2:** Produce a copy of the insurance policy (No. ALBP972626) that was in effect at the time of the incident at issue in this case.

## PRAYER FOR RELIEF

19. For these reasons, Plaintiff asks that Defendant be cited to appear and answer. In addition, Plaintiff asks to court to render judgment in his favor and award the following damages:

   a. Economic damages.
   b. Prejudgment and postjudgment interest.
   c. Statutory damages and interest pursuant to the Texas Insurance Code.
   d. Court costs.
   e. Attorney fees.
   f. All other relief to which Plaintiff is entitled.

Respectfully submitted,

/s/ Leroy Scott
Leroy B. Scott, Ph.D.
Texas Bar No. 24083824

Scott Law, PLLC
5100 Westheimer Road Ste 200
Houston, Texas 77056

Tel (713) 588-4416
Fax (713) 583-1158
Email: lscott@scottesq.com
ATTORNEY FOR PLAINTIFF

Cause No. <u>201970606</u>

| | | |
|---|---|---|
| **ALL CAR COLLISION,** | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | |
| | § | OF HARRIS COUNTY, TEXAS |
| **AMGUARD INSURANCE** | § | |
| **COMPANY,** | § | |
| Defendant. | § | 151st JUDICIAL DISTRICT |

### RETURN OF SERVICE

**Date of Service: October 10, 2019**

**Person Served: AMGUARD INSURANCE COMPANY**

Come to hand at 1:56 p.m. on August 27, 2019, the documents titled PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE, AND REQUEST FOR DOCUMENTS and CITATION.

On August 27, 2019, true and correct copies of said documents were mailed via USPS Certified Mail Return Receipt Requested to: **AMGUARD INSURANCE COMPANY** c/o C T Corporation System, 1999 Bryan Street, Suite 900, Dallas TX 75201 -3136

The Return Receipt was received bearing signature and a delivery date of **October 10, 2019**.

Service was completed by Tristan Shaw, who is a process server certified under order of the Supreme Court. His identification number is PSC-16852 and the certification expires on 06/30/2021.

My name is Tristan Shaw. I am at least 18 years of age. My business address is PO Box 420533, Houston, TX 77242. I declare under penalty of perjury that the foregoing is true and correct. Executed in Harris County, State of Texas, on the October 10, 2019.

By _/s/ Tristan Shaw_
TRISTAN SHAW



October 10, 2019

Dear Reference USPS Certified Mail:

The following is in response to your request for proof of delivery on your item with the tracking number: **9414 8108 9876 5045 1605 63**.

| Item Details | |
|---|---|
| Status: | Delivered |
| Status Date / Time: | October 9, 2019, 9:55 am |
| Location: | DALLAS, TX 75201 |
| Postal Product: | First-Class Mail® |
| Extra Services: | Certified Mail™ |
| | Return Receipt Electronic |
| Recipient Name: | CT Corporation System |

| Shipment Details | |
|---|---|
| Weight: | 2.0oz |

**Recipient Signature**

Signature of Recipient: *Chris Wells*

Address of Recipient: *C.T. Corp.*

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

CAUSE NO. 201970606

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 835917 EML  TRACKING NO: 73677665

| Plaintiff:<br>ALL CAR COLLISION<br>vs.<br>Defendant:<br>AMGUARD INSURANCE COMPANY | In The 151st<br>Judicial District Court of<br>Harris County, Texas<br>201 CAROLINE<br>Houston, Texas |
|---|---|

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

**To:** AMGUARD INSURANCE COMPANY (A FOREIGN CORPORATION) BY SERVING ITS REGISTERED AGENT FOR SERVICE OF PROCESS C T CORPORATION SYSTEM
**1999 BRYAN STREET SUITE 900, DALLAS TX 75201-3136**

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND REQUEST FOR DOCUMENTS

This instrument was filed on September 27, 2019 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you.

This citation was issued on September 27, 2019, under my hand and seal of said court.

*Marilyn Burgess*

Issued at the request of:

Scott, Leroy B
PO BOX 420453
HOUSTON, TX  77242-0453
713-588-4416
Bar Number: 24083824

Marilyn Burgess, District Clerk

Harris County, Texas
201 CAROLINE  Houston Texas 77002
(PO Box 4651, Houston, Texas 77210)

Generated By: NELSON CUERO

Unofficial Copy Office of Marilyn Burgess District Clerk

Tracking Number: 73677665

**CAUSE NUMBER: 201970606**

| | |
|---|---|
| PLAINTIFF: ALL CAR COLLISION | In the 151st |
| vs. | Judicial District Court of |
| DEFENDANT: AMGUARD INSURANCE COMPANY | Harris County, Texas |

OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at (Address)_____
in

_____ County at o'clock ___. M. On the _____ day of_____, 20_____, by Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment».  Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of_____, 20.

Fees $_____

| | |
|---|---|
| _____ | By_____ |
| Affiant | Deputy |

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared.  After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

Unofficial Copy Office of Marilyn Burgess District Clerk

Case 4:19-cv-04210   Document 1-4   Filed on 10/25/19 in TXSD   Page 12 of 17

10/21/2019 10:40 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37809168
By: TERESA KIRBY
Filed: 10/21/2019 10:40 AM

CAUSE NO. 2019-70606

| | | |
|---|---|---|
| ALL CAR COLLISION | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| AMGUARD INSURANCE COMPANY | § | |
| *Defendant* | § | 151st JUDICIAL DISTRICT |

**DEFENDANT AMGUARD INSURANCE COMPANY'S
ANSWER TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant **AMGUARD INSURANCE COMPANY** (hereinafter "**Defendant**" or "**Amguard**") named in the above entitled and numbered cause and files this, its Answer in response to Plaintiff's Original Petition, and in support thereof would respectfully show unto the Court and jury as follows:

**I.
GENERAL DENIAL**

1. Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies each and every allegation contained in the Plaintiff's Original Petition, together with any and all amendments thereto, and demands strict proof thereof by a preponderance of the credible evidence or such higher standard, as required by law.

**II.
SPECIFIC DENIALS**

2. Defendant specifically denies that all conditions precedent to Plaintiff's right to recovery have occurred, been performed or have been waived. Specifically, Plaintiff has failed

to prove that the alleged loss was a covered loss, and/or has failed to segregate the portion of the alleged loss which is covered from the portion of the alleged loss which is not covered.

Further, Plaintiff has not provided timely or adequate notice of its intent to sue as required by Texas Insurance Code Section 541.154.

3. Defendant specifically denies that all conditions precedent to Plaintiff's right to recovery have occurred, been performed, or have been waived. Specifically, all conditions necessary to the recovery of attorney's fees have not been performed as required by law.

### III.
### AFFIRMATIVE DEFENSES

4. Defendant would show that Plaintiff's causes of action against Defendant are barred, either in whole or in part, because Plaintiff has failed to state a claim upon which relief can be granted. Specifically, Plaintiff has failed to sufficiently describe a cause of action for breach of the applicable Policy, or how such claim converts Plaintiff's alleged contractual claim into violation of the Texas Insurance Code by Defendant.

5. Defendant would show that Plaintiff's causes of action against Defendant are barred, either in whole or in part, because bona fide and/or legitimate disputes exist, precluding Plaintiff's recovery of damages under extra-contractual theories for violation of the Texas Insurance Code or any other statutory or common law authority.

6. Defendant would show that Plaintiff's causes of action against Defendant are barred, either in whole or in part, as the applicable Policy includes exclusions and provisions which preclude or limit Plaintiff's ability to recover. Defendant hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy and all duties of the insured.

7. Defendant asserts its right to offset and credit for indemnity amounts already paid to Plaintiff by either Defendant or other third parties.

8. Defendant is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of the applicable deductible, as well as any additional offset or credit in the amount of payments made to Plaintiff.

8. Defendant would show that Plaintiff's causes of action against Defendant are barred, either in whole or in part, due to Plaintiff's failure to mitigate its damages.

9. Defendant would show that Plaintiff's damages, if any, are limited by the amount set forth in the Policy limitations provisions.

10. Defendant would show that Plaintiff has made an excessive demand and is precluded from recovering fees and expenses based on that excessive demand.

11. Defendant would show that Plaintiff's claims herein are barred by any and all applicable statutes of limitations.

12. Defendant would show any claims or causes of action asserted in these proceedings is limited and/or barred by the applicable contract documents.

13. Defendant would show that no acts or omissions performed by this Defendant was performed with malice and/or gross negligence.

14. Defendant would show that no act or omission by it involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

15. Defendant would show that it had no actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety or welfare of others.

16. Defendant would show Plaintiff's claims are subject to and/or limited by the provisions of Chapter 41 of the TEXAS CIVIL PRACTICE & REMEDIES CODE concerning all claims for exemplary or "additional" damages including but not limited to: 41.003(b) clear and convincing evidence burden of proof; 41.003(a) and 41.001(7)(b) definition of culpable acts or omissions; 41.003(c) proximate causation; 41.003(d) requiring a unanimous finding by the jury as to liability and amount of exemplary damages; 41.007 and 41.008 limitation on recovery and pre-judgment interest; and 41.009 bifurcation for the trial of these issues.

17. Defendant would show that Plaintiff is not entitled to an award of exemplary damages and that the assessment of exemplary damages against Defendant would be unconstitutional under the Constitution of the State of Texas, and pursuant to *General Chem. Corp. v. De La Lastra*, 852 S.W.2d 916, 923 (Tex. 1993). In the alternative, any award of exemplary damages should be limited pursuant to the applicable provisions of the Texas Civil Practice and Remedies Code.

18. Pleading further and in the alternative, the Texas Prompt Payment of Claims Statute, §542.060 et seq. of the Texas Insurance Code violates Defendant's right to defend through litigation the common law breach of contract claims asserted against it by imposing a penalty for asserting its common law rights in violation of the Texas Open Courts provision enshrined in the Texas Constitution at Article I, Section 13 and further violates Defendant's rights to substantive and procedural due process as provided in Article I, Section 19 of the Texas Constitution.

## IV.
## RESERVATION OF RIGHTS

19. Defendant reserves the right to amend, supplement and add additional affirmative defenses and/or assert any counterclaims, cross claims, or third-party claims that discovery may reveal.

## V.
## REQUEST FOR JURY TRIAL

20. Defendant respectfully demands a trial by jury on all contested issues of fact pursuant to Texas Rule of Civil Procedure 216.

## VI.
## RULE 193.7 NOTICE

21. Defendant hereby gives actual notice to Plaintiff and to all other parties that any and all documents produced during discovery may be used against Plaintiff and all other parties at any pre-trial proceeding and/or trial without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Defendant **AMGUARD INSURANCE COMPANY**, prays that after final hearing, Plaintiff have and recover nothing by way of its causes of action against this Defendant and that, **AMGUARD IINSURANCE COMPANY** be dismissed, with prejudice, recovering its attorneys' fees, costs of court, and such other and further relief, both at law and in equity, to which it may show itself to be justly and equitably entitled.

Respectfully submitted,

**WILSON ELSER EDELMAN MOSKOWITZ & DICKER LLP**

*/s/ Kristie E. Johnson*
**KRISTIE E. JOHNSON**
State Bar No. 24038382
Kristie.Johnson@wilsonelser.com
909 Fannin Street, Suite 3300
Houston, Texas  77010
(713) 353-2000 Telephone
(713) 785-7780 Facsimile
**ATTORNEYS FOR DEFENDANT AMGUARD INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served pursuant to Rules 21 and 21a of the Texas Rules of Civil Procedure upon all counsel of record via electronic service on this 21st day of October, 2019.

*/s/ Kristie E. Johnson*
**Kristie E. Johnson**